```
             IN THE UNITED STATES DISTRICT COURT
             FOR THE SOUTHERN DISTRICT OF TEXAS
                      HOUSTON DIVISION

EDWARD HALL, et al.,             §
                                 §
         Plaintiffs,             §
                                 §
v.                               §    CIVIL ACTION NO. H-09-2528
                                 §
EL DORADO CHEMICAL COMPANY,      §
                                 §
         Defendant.              §
                                 §
```

**MEMORANDUM AND RECOMMENDATION**

Pending before the court[1] is Defendant's Second Motion to Dismiss (Doc. 139), Defendant's First Motion for Partial Summary Judgment (Doc. 141), and Plaintiffs' Motion to Strike and Alternative Motion for Continuance to El Dorado's Motion for Partial Summary Judgment (Doc. 143). The court has considered the motions, all relevant filings, and the applicable case law. For the reasons set forth below, the court **RECOMMENDS** that Defendant's Second Motion to Dismiss be **GRANTED**.

If this memorandum and recommendation is adopted, Defendant's First Motion for Partial Summary Judgment and Plaintiffs' Motion to Strike and Alternative Motion for Continuance to El Dorado's Motion for Partial Summary Judgment will be **MOOT**.

**I.   Case Background**

**A.   Procedural History**

---

[1] This case was referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636(b)(1)(A) and (B), the Cost and Delay Reduction Plan under the Civil Justice Reform Act, and Federal Rule of Civil Procedure 72.  Doc. 41.

Plaintiffs Edward Hall, Charles Henderson, and Brenda Bennett (collectively, "Plaintiffs") initiated this action on August 7, 2009, asserting on behalf of themselves and all others similarly situated that defendant El Dorado Chemical Company ("Defendant") is liable to them for negligence, res ipsa loquitur, and nuisance.[2] Plaintiffs seek compensatory damages for evacuation of their homes and businesses, loss of use of their homes and businesses, inconvenience and annoyance, lost earnings and wages, and economic losses from business closures, along with exemplary damages.[3] Plaintiffs disclaimed recovery for all physical bodily injury along with all physical property damage.[4]

On June 4, 2010, Defendant moved to dismiss all of Plaintiffs' claims on the grounds that recovery of the damages sought was precluded by Texas law.[5] The court issued a memorandum and recommendation granting Defendant's motion to dismiss on October 26, 2010; the memorandum and recommendation was adopted and final judgment against Plaintiffs was entered one month later, on

---

[2] Doc. 1, Pls.' Original Compl.; see Doc. 32, Pls.' Am. Compl. Plaintiffs also had a cause of action for trespass which was dropped in their amended complaint. Doc. 32, Pls.' Am. Compl.

[3] Id. ¶¶ 40, 49, 53.

[4] Id. ¶ 21.

[5] Doc. 54, Def.'s 1st Mot. to Dismiss; Doc. 55, Def.'s Brief in Support of 1st Mot. to Dismiss.

November 30, 2010.[6] Plaintiffs timely appealed on December 22, 2010.[7]

Approximately two weeks after the parties' oral arguments before the Fifth Circuit, the Texas Supreme Court partially reversed a Texas appellate court decision that this court had cited in support of its dismissal of Plaintiffs' case.[8] See City of Alton v. Sharyland Water Supply Corp., 354 S.W.3d 407 (Tex. 2011) [hereinafter Sharyland]. The parties were directed to "file supplemental letter briefs on the effect *vel non*" of the Sharyland decision.[9] After considering the parties' supplemental briefs and the Sharyland opinion, the Fifth Circuit vacated the judgment and remanded the case for reconsideration in light of the opinion issued by the Texas Supreme Court.[10]

Responding to the Fifth Circuit's remand, Defendant filed the pending second motion to dismiss, addressing the effect of the Texas Supreme Court's decision in Sharyland on the case at bar.[11] Plaintiffs filed a response to Defendant's second motion to dismiss

---

[6] Doc. 121, Mem. & Recommendation Granting Def.'s Mot. to Dismiss; Doc. 123, Or. Adopting Mem. & Recommendation; see also Doc. 122, Pls.' Objs. to Mem. & Recommendation Granting Def.'s Mot. to Dismiss; Doc. 124, Entry of Final J. Dated Nov. 30, 2010.

[7] Doc. 126, Notice of Appeal.

[8] See Doc. 137, 5th Cir. Per Curiam Op., p. 2.

[9] Id. at p. 3.

[10] Id.

[11] Doc. 139, Def.'s 2nd Mot. to Dismiss; Doc. 140, Def.'s Brief in Support of 2nd Mot. to Dismiss.

on February 7, 2012.[12] Also pending before the court is Defendant's motion for partial summary judgment, to which Plaintiff filed the pending motion to strike or alternative motion for a continuance to respond to Defendant's motion.[13]

B. **Factual History**

According to Plaintiffs' amended complaint, Defendant operated a fertilizer facility located at 6232 West State Highway 21 near Bryan, Texas.[14] On July 30, 2009, the facility contained many tons of these and other chemicals: ammonium nitrate, potassium chloride, diammonium phosphate, ammonium sulfate, sulfa magnesium, and copper zinc.[15] Just before noon on that day, one of Defendant's employees was welding near the chemicals when a stray spark ignited the ammonium nitrite.[16] The fire spread quickly throughout the facility, producing a large plume of smoke and noxious gas.[17]

In response to the plume, emergency response personnel

---

[12] Doc. 147, Pls.' Resp. in Opposition to Def.'s 2nd Mot. to Dismiss; Doc. 148, Pls.' Mem. in Support of Resp. in Opposition to Def.'s 2nd Mot. to Dismiss; see also Doc. 144, Pls.' Mot. to Strike Def.'s 2nd Mot. to Dismiss; Doc. 145, Pls.' Mem. in Support of Mot. to Strike Def.'s 2nd Mot. to Dismiss; Doc. 151, Def.'s Resp. to Pls.' Mot. to Strike Def.'s 2nd Mot. to Dismiss; Doc. 156, Oral Or. Denying Pls.' Mot. to Strike Def.'s 2nd Mot. to Dismiss.

[13] Doc. 141, Def.'s Mot. for Partial Summ. J.; Doc. 142, Def.'s Mem. in Support of Mot. for Partial Summ. J.; Doc. 143, Pls.' Mot. to Strike Def.'s Mot. for Partial Summ. J. or Alt. Mot. for Continuance.

[14] Doc. 32, Pls.' Am. Compl., ¶ 2.

[15] Id. ¶¶ 11-12.

[16] Id. ¶ 13.

[17] Id. ¶ 12.

recommended successively larger evacuation areas, with the largest evacuation area covering all of Brazos County north of University Drive and Harvey Weeden Road.[18] The total number of evacuees was estimated to be more than 20,000.[19]

## II. Legal Standard

Pursuant to Federal Rule of Civil Procedure 12(b)(6), dismissal of an action is appropriate whenever the complaint, on its face, fails to state a claim upon which relief can be granted. When considering a motion to dismiss, the court should construe the allegations in the complaint favorably to the pleader and accept as true all well-pleaded facts. Sullivan v. Leor Energy, LLC, 600 F.3d 542, 546 (5th Cir. 2010). A complaint need not contain "detailed factual allegations" but must include sufficient facts to indicate the plausibility of the claims asserted, raising the "right to relief above the speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007); see also Ashcroft v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937, 1949 (2009). A plaintiff must provide "more than labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Bell Atl. Corp., 550 U.S. at 555. In other words, the factual allegations must allow for an inference of "more than a sheer possibility that a defendant has acted unlawfully." Iqbal, 129 S.Ct. at 1949.

## III. Analysis

---

[18] Id. ¶ 15.

[19] Id.

Defendant moves to dismiss Plaintiffs' case on the ground that the Texas Supreme Court's decision in Sharyland did not alter the law applied by this court in its original dismissal of Plaintiffs' claims. In the alternative, Defendant contends that, applying a risk-utility analysis, Plaintiffs have failed to plead facts supporting the existence of a legal duty owed and breached by Defendant, and, therefore, Plaintiffs have not pleaded a negligence claim upon which relief can be granted. Plaintiffs respond that their alleged damages are recoverable under the holding of Sharyland and that a risk-utility analysis of Plaintiffs' negligence claim is inapplicable.

As noted above, the Fifth Circuit remanded this case for reconsideration in light of the Sharyland decision. Relevant to the causes of action presently before the court, the Sharyland decision addressed the construction and application of the economic loss rule. The court's analysis is therefore limited to the applicability of the economic loss rule to this case given the Texas Supreme Court's holding in Sharyland.[20]

In Sharyland, the plaintiff water supply corporation sued the City of Alton ("City") and contractors that contracted with the City to build a sanitary sewer system. 354 S.W.3d at 410. The

---

[20] Given that the Fifth Circuit remanded the case for reconsideration in light of Sharyland, and that Sharyland has no bearing on Plaintiffs' res ipsa loquitor cause of action, the construction of Plaintiffs' alleged damages, and Plaintiffs' claim for exemplary damages, this court's recommendations with respect to those matters are unaltered. See Doc. 121, Mem. & Recommendation Granting Def.'s Mot. to Dismiss.

6

plaintiff alleged claims of negligence and breach of contract against the defendant contractors, claiming that the contractors negligently installed the sanitary sewer residential service connections in violation of the agreement between the City and the contractors. Id. The plaintiff sought to recover damages for the costs incurred in protecting, maintaining, and repairing its waterlines as a result of the contractors' negligent installation. At trial, the jury found in favor of the plaintiff against the contractors. Id. at 411.

The court of appeals reversed the trial court judgment against the contractors, holding that the economic loss rule barred the plaintiff's negligence claim and that, because the plaintiff was not a third-party beneficiary of the agreement between the City and the contractors, it could not recover damages arising from a breach of that agreement. City of Alton v. Sharyland Water Supply Corp., 277 S.W.3d 132, 155 (Tex. App.–Corpus Christi Nov. 25, 2008), rev'd, 354 S.W.3d 407. In reaching this decision, the court of appeals stated that, "[i]n tort cases where there is an absence of privity of contract, or as in this case, an absence of third-party beneficiary status, economic damages are not recoverable unless they are accompanied by actual physical injury or property damage." Id. at 152-53 (citing Express One Intern., Inc. v. Steinbeck, 53 S.W.3d 895 (Tex. App.–Dallas 2001, no pet.) and Coastal Conduit & Ditching, Inc. v. Noram Energy Corp., 29 S.W.3d 282, 288-89 (Tex.

App.–Houston [14th Dist.] 2000, no pet.)).

The Texas Supreme Court granted the plaintiff's petition for review and discussed the application of the economic loss rule in Texas. Sharyland, 354 S.W.3d at 415-20. Providing a historical overview of its application of the economic loss rule, the Texas Supreme Court confirmed that Texas law is settled as to the application of the economic loss rule in two situations: (1) when the loss is the subject matter of a contract between the parties; and (2) when the loss results from a defective product and the damage is to the product alone, as opposed to a person or property. See id. at 415-18.

Turning to the economic loss rule as articulated by the court of appeals, the Texas Supreme Court determined that the court of appeals' formulation was overly broad because it barred recovery of economic losses for all tort claims, in the absence of physical injury or property damage, between parties who are "commercial and contractual strangers." Id. at 418-19. This construction of the economic loss rule decided an issue that the Texas Supreme Court had not, namely, "whether purely economic losses may ever be recovered in negligence or strict liability cases." Id. at 419. Although recognizing that Texas law was not settled on the aforementioned issue, the Texas Supreme Court concluded that it need not resolve that issue of law because the court of appeals erred in finding that the plaintiff had not suffered property

damage. Id. at 420. The Texas Supreme Court reversed the court of appeals decision on a factual error, withholding a ruling on the issue raised by the case here, whether the economic loss rule precludes recovery in a claim for negligence where the sole damages are economic. See id.

Nonetheless, Texas courts of appeal have considered whether a party can recover purely economic damages in causes of action for negligence. See Express One Intern., Inc., 53 S.W.3d at 898 ("Damages resulting solely from economic harm generally are not recoverable in simple negligence actions."); Coastal Conduit & Ditching, Inc., 29 S.W.3d at 286-90 (stating that law precludes the recovery of purely economic losses resulting from another's negligence in the absence of a contractual relationship between the parties or an accompanying personal injury or property damage).

The holding in Sharyland, contrary to Plaintiffs' contention, did not overrule these earlier cases or alter the underlying law upon which the court relied in recommending dismissal of Plaintiffs' negligence claim. Rather, the Sharyland decision took issue with the lower court's broad rendition of the economic loss rule, which encompassed all tort claims between parties not in a contractual relationship with one another. As noted above, the court of appeals was ultimately reversed on a factual determination and the Texas Supreme Court never ruled on the application of the economic loss rule to a negligence claim involving purely economic

9

losses by a plaintiff not in contractual privity with the defendant, as is the case here. See Sharyland, 354 S.W.3d at 419-20.

Here, Plaintiffs are not in contractual privity with Defendant and have expressly disclaimed personal injury and physical property damage. Instead, Plaintiffs seek the following economic damages: expenses from having to evacuate their homes and businesses; loss of use of their homes and businesses; lost earnings and wages; and monetary losses from business closures. Plaintiffs thus seek compensation only for pure economic loss.[21] Consistent with Texas law, in the absence of contractual privity and physical damage, the economic loss rule applies to preclude Plaintiffs' negligence claim. See Express One Intern., Inc., 53 S.W.3d at 898; Coastal Conduit & Ditching, Inc., 29 S.W.3d at 286-90. The court declines to extend the holding of Sharyland to overrule still-prevailing law without the Texas Supreme Court's express intent to do so.

Accordingly, the court **RECOMMENDS** that Plaintiffs' cause of action for negligence be **DISMISSED** because Plaintiffs' claimed damages, a necessary element of their negligence claim, are not cognizable under Texas law.

---

[21] Plaintiffs also alleged damages for annoyance and inconvenience under their claim of negligence. Doc. 32, Pls.' Am. Compl., ¶ 40. Making its best "Erie guess," the court found that Plaintiffs may not recover for annoyance and inconvenience in the absence of any alleged physical damage to person or property. See In re Katrina Canal Breaches Litigation, 495 F.3d 191, 206 (5th Cir. 2007). This finding is not at issue given the Fifth Circuit's remand instructions.

Plaintiff also contends that the Sharyland decision allows the recovery of purely economic losses in private nuisance claims, as evidenced by the Texas Supreme Court's citation to Comminge v. Stevenson, 76 Tex. 642 (Tex. 1890). See Sharyland, 354 S.W.3d at 418-19 (listing "tort claims for which courts have allowed recovery of economic damages even absent physical injury or property damage."). Defendant points out that Comminge concerned a cause of action for nuisance per se, as opposed to a nuisance in fact cause of action arising from the "negligent invasion of another's interests," as Plaintiffs pleaded in their amended complaint.[22] City of Tyler v. Likes, 962 S.W.2d 489, 503 (Tex. 1997) (identifying three classifications of actionable nuisance claims); Aquilar v. Trujillo, 162 S.W.3d 839, 851 (Tex. App.–El Paso 2005, pet. denied). The court finds this distinction to be significant.

In nuisance claims involving an unintentional invasion, liability hinges on "whether the defendant's conduct was negligent, reckless, or abnormally dangerous." Peterson v. Jansen, No. 14-07-00535-CV, 2009 WL 334915, *4 (Tex. App–Houston [14th Dist.], 2009, no pet.) (unpublished); see Restatement (Second) of Torts § 822(b). Thus, to support a cause of action for nuisance based on Defendant's alleged negligent conduct, Plaintiffs must allege facts

---

[22] Actionable nuisance may also arise from: (1) "intentional invasion of another's interests;" or (2) "other conduct, culpable because abnormal and out of place in its surroundings, that invades another's interests." Likes, 962 S.W.2d at 503. Neither of these situations is raised in Plaintiffs' amended complaint, which alleges only negligent conduct on the part of Defendant.

11

showing that Defendant's conduct was at least negligent. As discussed above, Plaintiffs' have failed to plead a negligence cause of action upon which relief can be granted. Accordingly, Plaintiffs have not pleaded a viable cause of action for nuisance based on Defendant's alleged negligent conduct.

The court therefore **RECOMMENDS** that Plaintiffs' cause of action for nuisance be **DISMISSED**.

### IV. Conclusion

Based on the foregoing, the court **RECOMMENDS** that Defendant's Second Motion to Dismiss be **GRANTED.**

If this memorandum and recommendation is adopted, Defendant's First Motion for Partial Summary Judgment and Plaintiffs' Motion to Strike and Alternative Motion for Continuance to El Dorado's Motion for Partial Summary Judgment will be **MOOT.**

The Clerk shall send copies of this Memorandum and Recommendation to the respective parties who have fourteen days from the receipt thereof to file written objections thereto pursuant to Federal Rule of Civil Procedure 72(b) and General Order 2002-13. Failure to file written objections within the time period mentioned shall bar an aggrieved party from attacking the factual findings and legal conclusions on appeal.

The original of any written objections shall be filed with the United States District Clerk electronically. Copies of such objections shall be mailed to opposing parties and to the chambers

of the undersigned, 515 Rusk, Suite 7019, Houston, Texas 77002.

**SIGNED** in Houston, Texas, this 31st day of August, 2012.

Nancy K. Johnson
United States Magistrate Judge